Great American Insurance Company, a Corporation, Plaintiff-Appellee, v. Tinley Park Recreation Commission, a Corporation, Patrick Bullard and Charles Bullard, Defendants-Appellants.

Gen. No. 53,200.

First District, Second Division.

April 21, 1970.

Rayson & Hutchison, of Tinley Park, Smith & Munson, and Edwin A. Strugala, of Chicago (Lester E. Munson, Leland H. Rayson, and Edwin A. Strugala, of counsel), for appellants.

■■■■■■■■■■■■■■■■■■■■

Pratt & Warvel, of Chicago (Charles J. Pratt, William H. Warvel, and Alvis W. Haney, Jr., of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

The Great American Insurance Company brought an action for declaratory judgment for construction of a certain policy of insurance, which it had issued in relation to an occurrence which resulted in injuries to a minor. The Tinley Park Recreation Commission (hereinafter called the Commission), the insured, Patrick Bullard, the injured minor, Charles Bullard, his father and next friend, and Louis Arnold Maretti, d/b/a Carpentersville Fireworks Company were named as parties defendant. The trial court found the policy in question to have expired by its own terms prior to the occurrence which resulted in the minor's injuries and entered judgment for the plaintiff. All defendants, save Maretti, have appealed.

The Commission purchased the policy to cover the risks to which it was exposed as sponsor of an outdoor carnival and fireworks display. The fireworks display, marking the close of the Commission sponsored activities, was conducted on the evening of September 3, 1962. The employees of Maretti, the contractor engaged to conduct the display, failed, during their cleanup operations, to discover and remove certain unexploded firework bombs.

On the afternoon of September 4, 1962, Patrick Bullard, age 10, and a companion, discovered two such bombs. On the following afternoon, September 5, 1962, Patrick Bullard was injured by the explosion of one of those bombs. It is unnecessary to detail here the circumstances surrounding that injury, as the question of whether the injury to Bullard fell within the risks assumed by the insurer is not before this court.

The sole issue presented for review is whether the determination by the trial court is against the manifest

20

weight of the evidence. The court found that the insurer is not liable to indemnify the Commission for the legal liability to which it has become exposed as a consequence of the expiration of the policy prior to the occurrence which resulted in Bullard's injuries.

The policy in question is a form liability policy, commonly referred to as an Owners', Landlords' and Tenants' Liability Policy, intended to be adaptable to the risks attending a large variety of activities. The type or types of risks for which the policy is issued is indicated in the declarations section, along with limits of liability in terms of dollar amounts, the location of the premises insured and amount of premium charge. This section also names the Commission as the insured and indicates the policy period to commence at 12:01 a. m. on August 30, 1962, and expire at 12:01 a. m. on September 4, 1962.

On page three of the policy are set forth the insuring agreements, seven in number, each of which is designated by a Roman Numeral. Under Agreement I, the insurer agrees "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined." The hazard for which the Commission purchased protection is defined in the same agreement as follows. "Premises-Operations. The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto."

Insuring Agreement VII, which operates as a limitation upon the covenant contained in Agreement I provides: "This policy applies only to those accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada."

The explosion and resultant injury to Bullard on September 5, 1962, clearly occurred subsequent to the expiration of the policy. It is the defendants' contention

that under a proper construction of the policy coverage is nevertheless afforded for the Bullard injury. They argue that under Agreement I a cause and effect relationship is established between the terms "accident" and "injury." Thus when Agreement VII is read, the term "accident" contained therein must be given the meaning which attaches to it by reason of its use in Agreement I. They conclude that all that is necessary for coverage to exist under the policy is that the cause of the injury occur during the policy period.

Defendants then attempt to establish that the cause of Bullard's injury did occur within the policy period. They reason as follows. The term "accident" is properly defined to include negligent acts which are the proximate cause of an unintended injury, citing Gray v. American Radiator & Standard Sanitary Corp., 22 Ill2d 432, 176 NE2d 761 (1961), a case dealing with the question of where a tort is committed. Further, the term "accident" is generally understood to be an occurrence, which in turn is defined as an event or series of events. Thus, an accident may be said to be an event or series of events, or, in terms of the present factual situation, the accident which resulted in the injuries sustained by Bullard was a continuous process, the component parts of which cannot be separated from the whole, which commenced within the policy period with the negligent act of Maretti's employees and continued until the time of the injury. At this time the entire experience became a "consummated accident."

In essence, the defendants argue that since a cause and effect relationship exists between the terms "accident" and "injury" as they appear in the policy, and since a negligent act which is the proximate cause of an unintended injury is properly contained within the meaning of the term "accident" and further since the component parts of an accident cannot properly be separated, all

that is necessary for liability to attach to plaintiff under the limitations of Agreement VII is that some portion of the "consummated accident" occur within the policy period. They further argue that to require that the injury occur within the policy period would result in an inconsistency between the first and seventh agreements with respect to the term "accident" as "accident" in the seventh agreement would then be synonymous with "injury."

██ ██ Assuming arguendo that defendants are correct in their assertions both with respect to the relationship between the terms "accident" and "injury" as they appear in the policy and with regard to a negligent act being part of an accident, it does not follow therefrom that liability for bodily injury caused by accident arises upon completion of a portion of the accident; i. e., commission of the negligent act. To so hold would be to extend the proposition that a negligent act which is the proximate cause of a later suffered injury is properly deemed a part of an accident to the proposition that the terms "negligent act" and "accident" are synonymous. By their own use of the phrase "consummated accident" defendants indicate their realization that an accident cannot be said to have occurred until all the factors of which it is comprised combine to produce the force which inflicts injury. It is clear that in this sense the accident which caused Bullard's injury did not occur until the afternoon of September 5, 1962. In addition, this concept does not require that the terms "accident" and "injury" be equivalent. On the contrary, it retains the cause and effect relationship between them which defendants have urged exists by reason of their use in the first agreement.

██ Finally, defendants have argued that liability should be found to exist under the rule of construction that insurance policies should be construed to the end that the reasonable expectations of the insured be given ef-

fect. While it may be true that the Commission reasonably expected that the policy which it purchased from plaintiff would cover the type of occurrence which resulted in Bullard's injuries, it could not have reasonably expected that occurrences which post date the policy would be covered thereby.

We find no error in the determination of the Circuit Court that the policy in question expired by its own terms prior to the accident which resulted in Bullard's injuries. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.