MARY CLINGMAN NOVAK, Plaintiff, *v.* INSURANCE ADMINISTRATION UNLIMITED, INC., *et al.*, Defendants.—(PALISADES COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 180 *et al.*, Third-Party Plaintiffs-Appellants, *v.* INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant-Appellee.)

Second District   No. 80-55

Opinion filed December 12, 1980.

Thomas A. Eckhardt, of Law Offices of John Demling, of Glen Ellyn, for appellants.

William F. Cunningham, of O'Reilly & Cunningham, of Wheaton, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, Mary Clingman Novak (hereinafter plaintiff), sustained injuries as a result of an accident which occurred on June 21, 1975. She also incurred substantial medical expenses.

On December 9, 1975, plaintiff filed a four-count complaint against several defendants. Count III was directed solely against her employer, Palisades School and Palisades School District (hereinafter Palisades).

Defendant Palisades tendered its defense to its liability insurer, Insurance Co. of North America (hereinafter INA). On March 22, 1976, INA refused to defend Palisades. In substance, INA's refusal to defend was based upon a policy exclusion which provided, in pertinent part:

> "This insurance does not apply to and INA shall not be liable to make any payment in connection with any claim made or suit brought against the Insured, * * *
>
> * * *
>
> (d) based on or attributable to any failure or ommission on the part of the Insured to effect or maintain insurance."

On August 18, 1978, Palisades filed its third-party action against INA. Palisades prayed for a declaratory judgment that (1) its liability policy with INA encompassed coverage for the negligence of Palisades alleged by plaintiff; (2) INA had a duty to defend Palisades for the action filed against Palisades by plaintiff, and INA is responsible for any liability which Palisades may have to plaintiff. Palisades also filed an amended third-party complaint in which Palisades added an allegation that, by its attorney, it forwarded to INA a complete copy of plaintiff's second amended count III and requested that INA review it and advise Palisades as to whether INA would continue its refusal to defend. Palisades further alleged that INA refused and continued to refuse to defend Palisades in plaintiff's action. In its answer, INA admitted that it continued to refuse to defend Palisades, but made no reference to a receipt or review of plaintiff's second amended count III.

On July 24, 1979, plaintiff accepted a settlement offer from Palisades for $26,250.

In August 1979, INA and Palisades filed cross-motions for summary judgment. On September 13, 1979, the trial court granted INA's motion for summary judgment, dismissing Palisades' third-party complaint with prejudice, and denying Palisades' motion for summary judgment. Third-party plaintiff Palisades brings this appeal.

The controlling issue presented on this appeal is whether the claim filed by plaintiff against Palisades was "based on or attributable to" Palisades' "failure to effect or maintain insurance" and thus is excluded from coverage under Palisades' policy with INA.

The law in Illinois with respect to a liability insurer's duty to defend is

well established (see *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 784), and the parties before this court are in agreement as to the principles of law applicable to the issues in this case. Therefore, we set forth the rules but briefly.

■■ As a general rule, the duty of an insurer to defend an action brought against the insured is to be determined solely from the allegations of the complaint. *(Thornton v. Paul* (1978), 74 Ill. 2d 132, 144.) "The insurer can safely and justifiably refuse to defend only when the allegations of the complaint *clearly* show that the claim is beyond policy coverage." (Emphasis in original.) *(Reis,* 69 Ill. App. 3d 777, 784.) But where the complaint alleges facts within, or potentially within, policy coverage, the insurer is obliged to defend even if the allegations are groundless, false or fraudulent *(Thornton,* 74 Ill. 2d 132, 144) and the insurer, from that time on, is unjustified in not defending the insured *(Reis,* 69 Ill. App. 3d 777, 784, and cases cited therein).

INA contends that plaintiff did not allege, in her first complaint (count III) or in any subsequent amendments thereto, facts within, or potentially within, INA's coverage of Palisades.

In count III of her original complaint against Palisades, plaintiff made the following allegations: that Palisades, as her employer, was the administering agency of a group insurance program embodied in American Benefit Society Group Policy No. 22617-GTG and the policy was underwritten by John Hancock Mutual Life Insurance Company; that plaintiff was a policy holder under the policy by virtue of her employment by Palisades; that on or about June 20, 1975, plaintiff declined to avail herself of other insurance coverage; that on or about June 21, 1975, while the policy with American Benefit Society was in full force and effect, she was injured in an accident and incurred medical expenses; and that both she and Palisades kept and performed all terms and conditions of the policy. Plaintiff further alleged that it was the duty of American Benefit Society to pay her medical expenses; but, she feared that, as a result of a liquidation order entered against American Benefit Society by the State of Illinois Insurance Department, the assets of the company, which at that time may have been sufficient to pay her medical expenses, would be distributed to others. Finally, plaintiff alleged that Palisades had the duty to keep her fully informed as to the validity and force and effect of the Group Insurance Policy; that Palisades knew or should have known that the Group policy issued by American Benefit Society was issued without authorization of the State of Illinois, or after issuance with authority such authority was revoked; that Palisades should have communicated the nonvalidity of the policy to plaintiff as soon as such nonvalidity became known so plaintiff could obtain insurance which

would protect her in the event of an accident; and that Palisades' failure to inform her caused her damage.

INA argues that the foregoing allegations did not set forth a claim within its policy coverage because they were "based on or attributable to" Palisades' "failure to effect and maintain insurance" and clearly were excluded from coverage under Palisades' liability policy with INA.

■■■ A review of the allegations in plaintiff's complaint reveals to the contrary. Plaintiff's allegations were not based upon Palisades' failure to effect or maintain insurance but instead upon Palisades' failure to keep plaintiff fully informed as to the validity and force and effect of the Group Insurance Policy where Palisades knew or should have known that the group policy was issued without authority or that such authority had been revoked. Any such duty owed to plaintiff by Palisades was not part of its duty to "maintain" or "effect" insurance within the meaning of the policy provision at issue. The verb "effect" means to bring about; to come to happen; accomplish; produce as a result; the verb "maintain" means to keep or keep up; keep in existence. (Webster's Dictionary of the English Language, Unabridged 577, 1087 (encyclopedic ed. 1977).) Plaintiff's allegations against Palisades are not clearly based upon Palisades' failure to "effect" a policy of insurance or to "maintain" the same. The allegation of wrongdoing which plaintiff sought to assert in her complaint, *i.e.*, Palisades' failure to keep her informed, pertained to the relationship between Palisades and plaintiff; the failure to "maintain" or "effect" insurance would pertain solely to Palisades' relationship with the group insurance carrier. Thus the allegations of plaintiff's complaint do not clearly show that claim is beyond policy coverage. Absent absolute clarity on the face of the complaint that a particular policy exclusion applies, there exists a potential for coverage, and an insurer cannot justifiably refuse to defend. (See *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 784.) Where a policy exclusion is not absolutely clear from the allegations in plaintiff's complaint, and the insurer believes that it has a valid exclusionary defense, the insurer must seek a judicial determination of the issue by one of two procedures: The insurer may either (1) secure a declaratory judgment as to its rights and obligations before or pending trial of the original tort action or (2) defend the tort action under a reservation of rights. *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 782-83, and cases cited therein.

The cases cited by defendant wherein courts have found policy exclusions applicable are cases construing policy exclusions containing language far clearer than that at issue in the present case and in which the facts clearly indicated that a particular policy exclusion would apply. (*E.g., Great American Insurance Co. v. Tinley Park Recreation Com.*

(1970), 124 Ill. App. 2d 19; *Consumers Construction Co. v. American Motorists Insurance Co.* (1969), 118 Ill. App. 2d 441.) Moreover, in one of those cases, the action was brought by the insurance company, requesting a declaratory judgment for construction of the policy exclusion and its application to the insurer's duty to defend. (*Great American*, 124 Ill. App. 2d 19, 20.) Such is the proper procedure and that which INA should have followed in the case at bar. Based on the foregoing, INA's refusal to represent Palisades was not justified, and INA breached its duty to defend under the policy at issue.

One effect of an insurer's wrongful failure to defend is to estop the insurer from later raising policy defenses of noncoverage in a subsequent action by the insured. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 145, and cases cited therein.) Thus, INA is estopped from raising its policy defense in this action brought by its insured, Palisades.

■■ Another effect of the insurer's wrongful refusal to defend is that it becomes liable to the insured for breach of contract. (*Thornton*, 74 Ill. 2d 132, 144.) INA is therefore liable to Palisades for breach of contract, and the trial court erred in granting INA's motion for summary judgment.

Where an appeal is properly before us from a final judgment, this court has found that it may review the denial of a motion for summary judgment. (*Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1035; see *Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 1059, 1063.) Accordingly, we find the trial court also erred in denying Palisades' cross-motion for summary judgment, which requested a finding that INA breached its duty to defend.

The order of the trial court granting summary judgment in favor of INA and denying summary judgment in favor of Palisades is reversed. The cause is remanded to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG and WOODWARD, JJ., concur.