CONTINENTAL CASUALTY COMPANY, Plaintiff-Appellant, v. SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 83—2999

Opinion filed January 9, 1985.—Rehearing denied March 13, 1985.

Haskell & Perrin, of Chicago (Thomas W. Murphy, of counsel), for appellant.

Arnstein, Gluck, Lehr, Barron & Milligan, of Chicago (Michael R. Turoff and Arthur L. Klein, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Continental Casualty Company brought this action seeking a declaration that an excess indemnity policy of insurance issued by Continental to the Kellwood Company did not provide coverage pursuant to a vendor's endorsement to Sears, Roebuck and Company. After Sears filed an answer and counterclaim, the trial court granted summary judgment in favor of Sears as to Continental's complaint and as to count I of Sears' counterclaim, which sought a finding that Sears was covered pursuant to the policy.

Sears was a purchaser of tents from Kellwood, a tent manufacturer. Kellwood obtained product liability insurance from Federal Insurance Company. That policy insured Kellwood against losses arising from accidents caused by products manufactured by Kellwood, with policy limits of $100,000 per person and $300,000 per occurrence. The policy contained a broad form vendor's endorsement which extended coverage to Sears and made Sears, as a vendor of Kellwood, an additional insured. Kellwood purchased an excess insurance policy from Continental which included the vendor's endorsement and provided additional coverage in the amount of $5,000,000.

Suits were brought against Sears in New York for injuries sustained by two children in a fire in a tent manufactured by Kellwood and sold by Sears. Plaintiffs sought $4,575,000 in damages, and Federal undertook Sears' defense. Prior to trial, the New York plaintiffs offered to settle their action for $736,334. Federal offered its policy limits, and Sears called upon Continental to conclude the settlement on Sears' behalf. Continental denied that Sears was enti-

tled to coverage and refused to settle the matter.

The New York strict liability cases proceeded to trial against Sears on the issue whether the tent was defective because it was not fire retardant and had only one exit. Verdicts and then judgments were entered against Sears in the amount of $4,312,265.35. Continental refused to pay and brought the present action. Sears appealed the New York judgments and obtained a remittitur to $2,033,430.09. Sears paid the reduced judgments when Continental refused to do so.

Continental has relied on an exclusion to the broad form vendor's endorsement contained within the Federal policy and specifically incorporated into the Continental policy. The exclusion states:

"The insurance with respect to the vendor does not apply to:
***
(b) bodily injury or property damage arising out of
(i) any physical or chemical change in the form of the product made intentionally by the vendor."

In the trial court, Continental offered excerpts from testimony in the New York case and from depositions claiming that Kellwood could have made fire retardant tents except for Sears' direction not to do so. Although Sears offered contrary evidence that at the time Kellwood did not know how to make an acceptable flame retardant tent, the trial court stated its belief that the tent could have been made fire retardant but that Sears directed that the tent be not so made. Nevertheless, the trial court granted summary judgment in favor of Sears.

■ We believe that Sears fairly states the principal issue on appeal: Whether a retailer which sold a product in the exact same condition in which it was received from the manufacturer is deprived of insurance coverage under a broad form vendor's endorsement because the retailer specified to the manufacturer the characteristics of the product it wished to purchase? The resolution of that issue is obvious. Under such circumstances, the vendor cannot be deprived of coverage, and the trial court properly granted summary judgment in favor of Sears.

The obvious intent of the exclusion is to apply to changes made after the product leaves the manufacturer's control. (*Sears, Roebuck & Co. v. Reliance Insurance Co.* (7th Cir. 1981), 654 F.2d 494.) Recently, in *Sears, Roebuck & Co. v. Employers Insurance of Wausau* (N.D. Ill. 1983), 585 F. Supp. 739, the United States District Court for the Northern District of Illinois considered an exclusion similar to the one before us. There, the product was an instruction manual

in whose content Sears had input. In rejecting the insurance company's claim that the exclusion applied, the court, using language dispositive of the issue before us, stated:

"Plainly, Exclusion 1(b)(i) contemplates a change by the vendor in the finished product *after* it has left the hands of the principal insured. Sears made no change in the condition of the finished manual purchased from Midwest and subsequently resold to the public. The manual was sold to the public in the exact same form as it was written and published by Midwest. Under the vendor's endorsement, Sears stands in the shoes of Midwest; Sears is one of the 'Persons Insured.' The insured obviously can change the product before it is shipped for resale. Any 'changes' made to the product before it left Midwest could not be the kind of changes contemplated in Exclusion 1(b)(i)." 585 F. Supp. 739, 745.

Kellwood manufactured and sold the tent to Sears. Sears made absolutely no change in the form of the tent after it was received from Kellwood and subsequently resold to the public. Therefore, the exclusion does not apply.

■ We find no merit in Continental's other contention that if Sears is entitled to judgment it must be limited to the amount for which Sears could have settled the matter prior to trial in New York. The New York plaintiffs demanded $736,334 to settle their suits. Sears advised Continental of the demand and called upon Continental to settle the matter. Federal offered its policy limits to Continental, but Continental denied that it had any obligation and expressly refused to settle the claims. Sears had no obligation to settle on Continental's behalf, and Continental cannot now complain that Sears as its insured failed to settle the matter.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and McGILLICUDDY, J., concur.