DOMINICK'S FINER FOODS, INC., Plaintiff-Appellant, v. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)  No. 86—1730

Opinion filed October 29, 1987.

Thomas J. Andrews and Charles P. Rantis, both of Johnson, Cusack & Bell, of Chicago (Thomas H. Fegan, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Richard M. Clark, and Christine L. Olson, of counsel), for appellee. ·

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Dominick's Finer Foods, Inc. (hereinafter referred to as Dominick's), appeals from a declaratory judgment action in which it sought a determination that defendant, American Manufacturers Mu-

tual Insurance Company (hereinafter referred to as American), was obligated to defend and indemnify it in an underlying tort action. Dominick's based this assertion upon a vendor's endorsement provision in an insurance policy issued by American to Coca-Cola Bottling Company of Chicago and Wisconsin, Inc. (hereinafter referred to as Coca-Cola), in which it was named as an additional insured. American refused to defend, declining coverage. Both Dominick's and American filed motions for summary judgment. The trial court entered judgment in favor of American, declaring that the vendor's endorsement only covered claims arising from the product itself. Dominick's appeals, raising three issues: (1) whether the occurrence alleged is within the purview of the vendor's endorsement and, therefore, imposes on American a duty to defend Dominick's; (2) whether the occurrence alleged falls within the parameters of the vendor's endorsement, thereby requiring American to defend and indemnify Dominick's; and (3) whether the trial court erred when it construed the vendor's endorsement to provide coverage only for claims arising out of the product itself.

We affirm.

The record reveals that on March 21, 1983, George Peters, an employee of Coca-Cola, was injured while making a delivery of Coca-Cola's products to a Dominick's food store. Peters filed suit against Dominick's on September 28, 1984, seeking damages for personal injury. In his complaint, Peters claimed to have been injured when he slipped and fell on a Dominick's loading dock. He alleged that his accident was the result of the slippery and dangerous condition of the dock. Peters does not claim that his injuries were attributable to the containers of Coca-Cola products he was delivering.

Dominick's tendered defense of the Peters lawsuit to American pursuant to an insurance policy American issued to Coca-Cola containing a vendor's endorsement which named Dominick's as an additional insured. American refused to provide a defense to Dominick's claiming that the occurrence alleged in the Peters complaint was not within the coverage provided by the vendor's endorsement. Dominick's brought this action for declaratory judgment. On cross-motions for summary judgment, the trial court ruled in favor of American. Dominick's appeals.

The vendor's endorsement considered here provides as follows:

"Additional Insured (Vendors—Broad Form)

It is agreed that the 'Persons Insured' provision is amended to include any person or organization designated below (herein referred to as 'vendor'), as an insured, but only with respect to

the distribution or sale in the regular course of the vendor's business of the named insured's products designated below subject to the following additional provisions:

1. The insurance with respect to the vendor does not apply to:

(a) any express warranty unauthorized by the named insured:

(b) bodily injury or property damage arising out of

(i) any physical or chemical change in the form of the product made intentionally by the vendor:

(ii) repacking, unless unpacked solely for the purpose of inspection, demonstration, testing or the substitution of parts under instruction from the manufacturer and then repacked in the original container;

(iii) demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product; or

(iv) products which after distribution or sale by the named insured have been labeled or relabeled or used as a container, part or ingredient or any other thing or substance by or for the vendor."

Dominick's contends that American has a duty to defend it against the Peters action for two reasons. First, it argues that "delivery" of Coca-Cola's products is contained within the meaning of "distribution." It next argues that the vendor's endorsement is an amendment to the general liability and products liability policy American issued to Coca-Cola and, therefore, extends both types of coverage to the additionally insured vendor. American contends that the declared and unambiguous intent of the vendor's endorsement is to provide coverage only for claims arising out of the product and that it does not cover vendors for their own negligence.

The question here presented requires analysis of the intended purpose of a vendor's endorsement. No reported Illinois case has determined the breadth of coverage provided by this policy extension. We note, however, that all the reported decisions involving this provision considered claims which arose from the product itself. (See *Sears, Roebuck & Co. v. Reliance Insurance Co.* (7th Cir. 1981), 654 F.2d 494; *Sears, Roebuck & Co. v. Zurich Insurance Co.* (7th Cir. 1970), 422 F.2d 587; *Sears, Roebuck & Co. v. Employers Insurance of Wausau* (N.D. Ill. 1983), 585 F. Supp. 739; *Continental Casualty Co. v. Sears, Roebuck & Co.* (1985), 130 Ill. App. 3d 806, 474 N.E.2d 1272.) Looking for guidance to these cases and *American White Cross Laboratories, Inc. v. Continental Insurance Co.* (1985), 202 N.J. Su-

per. 372, 495 A.2d 152, we find that the extension of a manufacturer's insurance coverage to the distributor and retailer of his products occurred as a result of the imposition of strict product liability. Under this theory, the retailer or distributor became strictly liable for injuries to the ultimate user of the product, even though he may simply be a conduit of the product and nonculpable. (See Restatement (Second) of Torts sec. 402 A (1965).) Of course, the retailer or distributor has an action over against the manufacturer (and subsequently his insurer), who bears the primary responsibility for putting the defective product into the stream of commerce. The extension of the manufacturer's insurance coverage to the vendors of the product, through a vendor's endorsement, merely alleviates the need for repetitious litigation and encourages vendors to market the product of the insured. It is, therefore, within this context that we consider the scope of this vendor's endorsement.

■■ ■ It is well settled that "when interpreting an insurance policy, as any other contract, clear and unambiguous language must be taken in its plain, ordinary and popular sense." (*Sears, Roebuck & Co. v. Employers Insurance of Wausau* (N.D. Ill. 1983), 585 F. Supp. 739, 744.) The language of the vendor's endorsement here considered quite plainly does not confer the full panoply of coverage provided the insured (Coca-Cola) to the additionally insured vendor (Dominick's). It specifically limits its coverage "with respect to the distribution and sale *** of the named insured's product." Giving the ordinary, plain meaning to the term "of the named insured's product," and reading the vendor's endorsement as a whole, we agree with the trial court in finding that its declared intent is to cover the vendor (Dominick's) for injuries caused by the product it has allowed into its store.

The Peters complaint alleges that his injury was caused by the dangerous and slippery condition of a loading dock at a Dominick's store. His injury did not arise out of the product and American properly declined coverage.

■■ It is the equally well-established rule in Illinois that the duty of an insurer to defend an action brought against the insured is to be determined solely from the allegations of the complaint. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393, 442 N.E.2d 245, 247; *Thornton v. Paul* (1978), 74 Ill. 2d 132, 144, 384 N.E.2d 335, 339; *Novak v. Insurance Administration Unlimited, Inc.* (1980), 91 Ill. App. 3d 148, 150, 414 N.E.2d 258, 260.) An insurer may refuse the tendered defense of an action, however, where a comparison of the policy with the underlying complaint shows on its face that there is no potential for coverage. (*Solo Cup Co. v. Federal Insurance*

*Co.* (7th Cir. 1980), 619 F.2d 1178, 1183; *Thornton v. Paul* (1978), 74 Ill. 2d 132, 144, 384 N.E.2d 335, 339-40; *Novak v. Insurance Administration Unlimited, Inc.* (1980), 91 Ill. App. 3d 148, 150, 414 N.E.2d 258, 260.) The allegations in the underlying complaint here show no potential for coverage and American, therefore, has no duty to defend. Having reaching this conclusion, we do not find it necessary to consider the other contentions raised by Dominick's.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McMORROW, P.J., and LINN, J., concur.