2021 IL App (1st) 191950-U

1-19-1950 (consolidated with Nos. 1-19-1963 & 1-19-1987)

Order filed August 26, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | |
| THOMAS ENGINEERING GROUP, LLC, | ) | |
| CHASTAIN & ASSOCIATES, LLC, | ) | |
| CHASTAIN-THOMAS JV, DON CORNING, | ) | |
| LOIS CORNING, MICHAEL JOHNSON, | ) | 2018 CH 04539 |
| ROBERT ROSA, KEVIN W. SCHMIDT, Individually and | ) | |
| as Special Administrator of the Estate of | ) | |
| Terri L. Schmidt, and AARON NASH, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (Thomas Engineering Group, LLC, Chastain & Associates, LLC, | ) | Honorable |
| Chastain-Thomas JV, Michael Johnson, and Robert Rosa, | ) | David B. Atkins, |
| | ) | Judge Presiding. |
| Defendants-Appellants). | ) | |

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court erred in granting judgment on the pleadings in favor of the RLI Insurance Company in its declaratory judgment action.

¶ 2    This consolidated appeal arises out of an insurance coverage dispute between plaintiff-appellee, RLI Insurance Company (RLI), and defendants-appellants, Thomas Engineering Group LLC (Thomas Engineering), Chastain & Associates LLC (Chastain), and the Chastain-Thomas Joint Venture (Chastain-Thomas JV) (collectively the insureds). The insureds appeal a final order of the circuit court which granted judgment on the pleadings in favor of RLI in its declaratory judgment action. RLI sought and was granted a declaration that it had no duty to defend or indemnify the insureds in connection with a traffic accident and underlying lawsuits arising from the accident. The insureds also appeal the circuit court's subsequent order denying their joint motion for reconsideration. For the reasons which follow, we vacate the circuit court's order granting RLI's motion for judgment on the pleadings and remand for further proceedings.[1]

¶ 3                            I. BACKGROUND

¶ 4    On March 25, 2016, at approximately 7:12 a.m., a limousine driven by Aaron Nash, carrying passengers Terri L. Schmidt, Kevin W. Schmidt, Don Corning, Lois Corning, Michael Johnson, and Robert Rosa, drove into a highway construction zone and crashed into a concrete barrier on Interstate-90 in Elgin, Illinois, causing the limousine to flip onto its roof. See *Johnson v. Nash*, 2019 IL App (1st) 180840, ¶¶ 1, 5-6. The accident resulted in the death of Terri L. Schmidt and Robert Rosa was rendered a paraplegic. The remaining passengers, and the driver, also sustained injuries in the accident. *Id.*

¶ 5    Several years prior to the accident, Thomas Engineering and Chastain entered into an agreement on or about May 23, 2013, creating a joint venture known as the Chastain-Thomas JV. The joint venture was created for the purpose of obtaining a contract with the Illinois State Toll

---

[1]As a result of our finding that the circuit court erred when it granted judgment on the pleadings, we need not address whether the circuit court also erred when it denied the insureds' joint motion for reconsideration. See, *e.g.*, *Holzer v. Motorola Lighting*, 295 Ill. App. 3d 963, 981 (1998).

Highway Authority (Highway Authority) for the construction and remodeling of a portion of Interstate-90. In August 2013, the Chastain-Thomas JV entered into a "professional services contract" with the Highway Authority to serve as a construction manager on one of three ongoing construction projects being performed on a stretch of Interstate-90. The construction project at issue was assigned project number I-13-4144R. The construction site was located at or near mile post 55.7, in the vicinity of the accident.

¶ 6      Four underlying lawsuits were filed as a result of the accident: *Johnson v. Nash*, Case No. 16 L 3443; *Corning v. Nash*, Case No. 16 L 5389; *Schmidt v. Nash*, Case No. 16 L 10574; and *Nash v. Edward Kraemer & Sons, Inc.*, Case No. 17 L 7057.[2] The underlying lawsuits, which have been amended on several occasions, were consolidated and are currently pending in the Law Division of the Circuit Court of Cook County.

¶ 7      After the underlying lawsuits were filed, Thomas Engineering tendered their defense and indemnification to RLI. Thomas Engineering sought coverage under a business owner's insurance policy issued to it by RLI (policy PSB0002889, policy period March 6, 2016 through March 6, 2017), which provided commercial general liability coverage. Thomas Engineering also sought coverage under a commercial excess policy issued to it by RLI (policy PSE0001918, policy period March 6, 2016 through March 6, 2017). Chastain and the Chastain-Thomas JV sought coverage as additional insureds under the policies.

¶ 8      RLI denied coverage and commenced an action in the circuit court for declaratory judgment seeking a declaration that it had no duty to defend or indemnify the insureds in the underlying lawsuits.[3] RLI argued that the exclusion for "professional services" contained in the

---

[2]The plaintiffs in the underlying lawsuits were named as interested parties in RLI's complaint for declaratory judgment. Judgment was entered against the insureds, including the interested parties, but only Michael Johnson and Robert Rosa have appealed the ruling.

[3]This appeal focuses on RLI's duty to defend, not on its duty to indemnify, which is a separate

commercial general liability insurance policy, and a similar exclusion contained in the commercial excess liability policy, precluded coverage.

¶ 9    These exclusions preclude coverage for claims of "bodily injury" arising out of the "rendering or failure to render any 'Professional Services.' " The policies define professional services as "any service requiring specialized skill or training," including:

"a. Preparing, approving, or failing to prepare or approve any map, shop drawing, opinion, report, survey, field order, change order, design, drawing, specification, recommendation, permit application, payment request, manual or instruction;

b. Supervision, inspection, quality control, architectural, engineering or surveying activity or service, job site safety, warning or failure to warn, construction contracting, construction administration, construction management, computer consulting or design, software development or programming service, or selection of a contractor, subcontractor or subconsultant."

¶ 10    RLI subsequently moved for judgment on the pleadings pursuant to section 2-615(e) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2018)), premised on the same arguments it made regarding its alleged lack of duty to defend or indemnify.

¶ 11    In a memorandum opinion and order entered on April 17, 2019, the circuit court held that RLI was entitled to judgment on the pleadings as a matter of law with respect to its duty to defend or indemnify the insureds in connection with the limousine accident and the underlying lawsuits. The circuit court determined that allegations in the underlying lawsuits regarding the services the insureds rendered on the roadway construction project, such as the removal of certain lane-shift signs, fell within the professional services exclusion for job-site safety and failure to warn. The

_____

matter that will not be resolved until judgments are entered in the pending underlying lawsuits.

insureds jointly moved for reconsideration of the court's ruling, which the circuit court denied in an order entered on August 27, 2019.

¶ 12     In the instant appeal, the insureds seek review of the circuit court's order granting RLI's motion for judgment on the pleadings as well as the court's order denying the insureds' joint motion to reconsider. Illinois Supreme Court Rules 301 and 303 confer jurisdiction to review these orders as the insureds filed their notice of appeal on September 24, 2019, which was within 30 days after the circuit court entered the order denying the insureds' joint motion to reconsider. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. Jan. 1, 2015). We will provide additional facts in the analysis section where necessary to address specific issues raised on appeal.

¶ 13                                    II. ANALYSIS

¶ 14                         A. Judgment on the Pleadings

¶ 15     The insureds contend that the circuit court erred in granting RLI's motion for judgment on the pleadings, arguing that material issues of fact remain as to whether the professional services exclusions contained in the policies apply to relieve RLI of its duty to defend the insureds in the underlying lawsuits. We agree.

¶ 16     A party moving for judgment on the pleadings concedes the truth of all well-pleaded facts in the nonmoving party's pleadings. *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 16. In ruling on a motion for judgment on the pleadings, a circuit court must accept as true all well-pleaded facts set forth in the pleadings of the nonmoving party as well as all reasonable inferences drawn from those facts, construing the evidence strictly against the movant and liberally in favor of the nonmoving party. *Id*; *McCall v. Devine*, 334 Ill. App. 3d 192, 198 (2002). However, the court "must disregard all surplusage and conclusory allegations." *McCall*, 334 Ill. App. 3d at 198.

5

¶ 17    "A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by the complaint or, alternatively, whether the defendant by his or her answer has set up a defense that would entitle him or her to a hearing on the merits." *Smith v. Allstate Insurance Co.*, 292 Ill. App. 3d 432, 434 (1997). "Judgment on the pleadings is proper only where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center*, 198 Ill. 2d 249, 255 (2001). A motion for judgment on the pleadings relies solely on the allegations in the complaint to establish the absence of material fact. *Mount Vernon Fire Insurance Co. v. Heaven's Little Hands Day Care*, 343 Ill. App. 3d 309, 314 (2003); *Brown v. Zehnder*, 295 Ill. App. 3d 1031, 1033 (1998). "In ruling on a motion for judgment on the pleadings, only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record may be considered." *M.A.K.*, 198 Ill. 2d at 255. Review of a judgment on the pleadings and a circuit court's construction of an insurance policy are both reviewed *de novo*. *Kim v. State Farm Fire & Casualty Co.*, 312 Ill. App. 3d 770, 772 (2000).

¶ 18                    B. Construction of an Insurance Policy

¶ 19    "Contracts of insurance are subject to the same rules of construction applicable to other types of contracts." *International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.*, 168 Ill. App. 3d 361, 370 (1988). "When construing an insurance policy, the primary function of this court is to ascertain and enforce the intentions of the parties as expressed in the agreement." *Mount Vernon Fire Insurance Co.*, 343 Ill. App. 3d at 314 (citing *de los Reyes v. Travelers Insurance Cos.*, 135 Ill. 2d 353, 358 (1990)). "To ascertain the intent of the parties and the meaning of the words used in the insurance policy, the court must construe the policy as a whole, taking into account the type of insurance for which the parties have contracted, the risks undertaken and

purchased, the subject matter that is insured and the purpose of the entire contract." *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993). "If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning." *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997). In this appeal, we are evaluating only RLI's duty to defend the insureds in the underlying lawsuits.

¶ 20                                    C. Duty to Defend

¶ 21    It is well-established that an insurer's duty to defend its insured is much broader than its duty to indemnify. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 125 (1992). In determining whether an insurer has a duty to defend its insured, "the court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy." *Crum & Forster Managers Corp.*, 156 Ill. 2d at 393. "The allegations in the underlying complaint must be liberally construed in favor of the insured." *Outboard Marine Corp.*, 154 Ill. 2d at 125. "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage provisions, then the insurer has a duty to defend the insured in the underlying action." *Crum & Forster Managers Corp.*, 156 Ill. 2d at 394. "This duty to defend extends to cases where the underlying complaints allege several causes of action, one of which is within the coverage of the policy, even if the others are not." *Rosalind Franklin University of Medicine & Science v. Lexington Insurance Co.*, 2014 IL App (1st) 113755, ¶ 80 (citing *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 194 (1976)).

¶ 22    We note that RLI cites the cases of *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301 (1983) and *Wheeler v. Aetna Casualty & Surety Co.*, 11 Ill. App. 3d 841 (1973), as authority for the proposition that the determination of an insurer's duty to defend is not limited to the allegations in an underlying lawsuit, but rather it is proper for a circuit

court to rely on extrinsic evidence in deciding whether an insured's actions fall within a professional services exclusion. RLI contends that in deciding whether to grant its motion for judgment on the pleadings in its declaratory judgment action, it was proper for the circuit court to base its decision on extrinsic evidence that the insureds admitted to entering into contracts with the Highway Authority for the specific purpose of providing professional engineering-construction management services, which are explicitly precluded under the professional services exclusions. We must disagree.

¶ 23    As previously mentioned, "[i]n ruling on a motion for judgment on the pleadings, only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record may be considered." *M.A.K.*, 198 Ill. 2d at 255. In this case, the insureds admitted to entering into contracts with the Highway Authority for the purpose of providing professional construction-management services, but the insureds did not admit that the services they provided at the construction site at the time of the accident were entirely professional in nature.

¶ 24    The cases cited by RLI are distinguishable on the facts and the law because they do not involve motions for judgment on the pleadings, but rather motions for summary judgment. "Although a motion for judgment on the pleadings is similar to a motion for summary judgment insofar as both suggest that no material issue of fact exists, a judgment on the pleadings must rely on the allegations of the complaint to establish the absence of material fact, whereas summary judgment may rely on affidavits and other documents." *Smith*, 292 Ill. App. 3d at 435.

¶ 25                              D. Insurance Exclusions

¶ 26    However, even if the facts alleged in the underlying complaint potentially bring the suit within policy coverage, an insurer may be relieved of its duty to defend if it demonstrates, as a

8

matter of law, that an exclusion applies to the face of the complaint. See *Novak v. Insurance Administration Unlimited, Inc.*, 91 Ill. App. 3d 148, 151-52 (1980). "[D]etermining whether the duty to defend applies (whether there is coverage) is analytically distinct from the question of whether an exclusion strips coverage." Joshua Phares Ackerman, "*A Common Law Approach to D&O Insurance "In Fact" Exclusion Disputes*," 79 U. Chi. L. Rev. 1429, 1443 (2012).

¶ 27 Insurance provisions that limit or exclude coverage are construed liberally in favor of the insured and "most strongly against the insurer." *National Union Fire Insurance Co. v. Glenview Park District*, 158 Ill. 2d 116, 122 (1994). Therefore, insurance exclusions must be read narrowly rather than broadly. *Id*. at 123. An insurer has the burden of affirmatively demonstrating the applicability of an exclusion. *Skolnik v. Allied Property & Casualty Insurance Co.*, 2015 IL App (1st) 142438, ¶ 26; *Pekin Insurance Co. v. L.J. Shaw & Co.*, 291 Ill. App. 3d 888, 892 (1997). Where the insurer relies on a provision that it contends excludes coverage, the applicability of the provision must be "clear and free from doubt." *Sentry Insurance v. Continental Casualty Co.*, 2017 IL App (1st) 161785, ¶ 72; *American Zurich Insurance Co. v. Wilcox & Christopoulos, L.L.C.*, 2013 IL App (1st) 120402, ¶ 34. " 'Absent absolute clarity on the face of the complaint that a particular policy exclusion applies, there exists a potential for coverage and an insurer cannot justifiably refuse to defend.' " *Lorenzo v. Capital Indemnity Corp.*, 401 Ill. App. 3d 616, 620 (2010) (quoting *Novak*, 91 Ill. App. 3d at 151).

¶ 28                            1. Professional Services Exclusions

¶ 29 In this case, RLI argues that the exclusion for "professional services" contained in the commercial general liability insurance policy and in the commercial excess liability policy negates its duty to defend the insureds in the underlying lawsuits. Illinois courts have adopted an expansive definition of the term "professional services" in the context of insurance exclusions. *Rosalind*

*Franklin University of Medicine & Science*, 2014 IL App (1st) 113755, ¶ 83*; State Street Bank & Trust Co. v. INA Insurance Co.,* 207 Ill. App. 3d 961, 967 (1991). The term "professional services" as used in an insurance exclusionary provision "refers to any business activity conducted by the insured which involves specialized knowledge, labor, or skill, and is predominantly mental or intellectual as opposed to physical or manual in nature." *State Street Bank & Trust Co.,* 207 Ill. App. 3d at 967.

¶ 30    In this appeal, we must determine if any of the allegations in the underlying lawsuits allege negligent conduct on the part of the insureds that is unrelated to their professional services. If so, then the applicability of the policy exclusions to the facts of the underlying lawsuits are not free from doubt and therefore judgment on the pleadings with respect to the application of these exclusions was improper.

¶ 31    The allegations of negligent conduct asserted against the insureds in the underlying complaints allege, *inter alia*, that they participated in the removal of two diagrammatic roadway signs which warned motorists of an impending lane shift; failed to provide adequate barriers to deflect oncoming traffic at or near the site of the accident; failed to post adequate roadway signs; failed to post a flagman to warn motorists of a dangerous turn, curve, or lane shift at or near the site of the accident; and allowed lane-shift signs to be removed when it knew or should have known that the signs were required to warn motorists of the impending lane shift.

¶ 32    Viewing these allegations in the light most favorable to the insureds, as this court is required to do on a motion for judgment on the pleadings, it is apparent that not all of the acts or omissions alleged as negligent conduct on the part of the insureds necessarily implicate an engineering or professional service requiring specialized skills or training. For example, the allegations concerning the alleged removal of the roadway sign and failure to post a flagman, while

potentially negligent, are not activities that necessarily require specialized knowledge, labor, skill or training, or are predominantly mental or intellectual, as opposed to physical or manual in nature. "Whether an act results from the nature of a professional service is determined by focusing upon the particular act itself, as opposed to the character of the individual engaging in the act." *Lindheimer v. St. Paul Fire & Marine Insurance Co.*, 643 So. 2d 636, 638 (Fla. 3d DCA 1994).

¶ 33    We find that the allegations of negligence outlined above raise genuine issues of material fact as to whether the services the insureds provided at the construction site at the time of the accident were entirely professional in nature or were also in the nature of physical or manual services not requiring specialized knowledge or skill. Therefore, at this stage of the litigation, we cannot conclude that the professional services exclusions apply to all of the factual allegations of negligent conduct asserted against the insureds in the underlying lawsuits.

¶ 34    "An exclusion clause denying coverage will be applied only if its applicability is clear and free from doubt." *Founders Insurance Co. v. Sheikh*, 2017 IL App (1st) 170176, ¶ 12. RLI has not satisfied its burden of affirmatively demonstrating that application of the professional services exclusions is clear and free from doubt. As a result, RLI cannot rely on the exclusions to establish that it has no duty to defend the insureds in the underlying lawsuits because when the applicability of an exclusion is not clear and free from doubt, we must resolve any doubts as to coverage in favor of the insureds. See, *e.g.*, *International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.*, 168 Ill. App. 3d 361, 367 (1988) ("where an exclusionary clause is relied upon to deny coverage, its applicability must be clear and free from doubt because any doubts as to coverage will be resolved in favor of the insured.")

¶ 35                                    III. CONCLUSION

¶ 36    In sum, judgment on the pleadings with respect to application of the professional services

exclusions was improper. "Judgment on the pleadings is proper only where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *M.A.K.*, 198 Ill. 2d at 255. A motion for judgment on the pleadings should be denied if the pleadings present genuine issues of material fact since such a motion "does not test whether there is any evidence to support the factual allegations in the pleadings." *People ex rel. Shapo v. Agora Syndicate, Inc.*, 323 Ill. App. 3d 543, 550 (2001). Here, judgment on the pleadings in RLI's declaratory judgment action was improper because genuine issues of material fact exist concerning whether the professional services exclusions apply to bar coverage. Specifically, disputed issues of fact exist as to whether the services the insureds provided at the construction site at the time of the accident were professional in nature or were more in the nature of physical or manual services not requiring specialized knowledge or skill.

¶ 37    Accordingly, for the foregoing reasons, we vacate the circuit court's order granting RLI's motion for judgment on the pleadings and remand this matter for further proceedings consistent with this order. This matter is restored to the status quo ante as though judgment on the pleadings had never been granted. See, *e.g.*, *Applegate v. State of Illinois Department of Transportation*, 355 Ill. App. 3d 1056, 1063 (2002) ("vacatur restores the status quo ante, as though a judgment had never been entered.")

¶ 38    Vacated and remanded with instructions.